IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

           Plaintiff,                     No. CIV S-11-2590 KJM-KJN

      vs.

LIEN P. TRUONG; et al.,               <u>ORDER TO SHOW CAUSE</u>

           Defendants.

_____/

         On February 14, 2012, the court ordered plaintiff that if he did not comply with Federal Rule of Civil Procedure 4(m) and effect service on defendant Protech Roofing, LLC, the landlord of Complete Nails (ECF 1), Protech Roofing would be dismissed from this action. (ECF 11.)  Plaintiff voluntarily dismissed Protech Roofing on February 23, 2012.  (ECF 12.)[1]

---

[1] The court notes that in his complaint plaintiff includes detailed factual allegations against an additional unrelated defendant, Tony's Haircuts. (*See* Compl. ¶¶ 2, 4.)  However, plaintiff did not name Tony's Haircuts in the caption, nor has he attempted service on this defendant.  It appears this is an oversight or error caused by plaintiff's use of form complaints.  Plaintiff's proceeding on a number of cases simultaneously does not excuse the carelessness that is a staple of plaintiff's filings before this court. Although plaintiff represents himself in these cases, he is a member of the California State Bar; as the court previously has expressed to plaintiff, it expects a higher level of diligence than plaintiff has shown to date.

1           In the joint status report filed February 8, 2012, defendant Lien P. Truong

2    ("defendant") asserts she is unable to make changes to the property without the landlord's

3    permission.  (ECF 9.)  Given defendant's alleged lack of control over the property at issue, it is

4    not clear that this court can grant meaningful relief in a claim against a mere tenant of the named

5    property at issue.  Accordingly, plaintiff is hereby ORDERED, within fourteen days of the entry

6    of this order, to show cause why Protech Roofing is not a necessary and indispensable party and

7    the removal of barriers alleged in the complaint is readily achievable in its absence.  FED. R. CIV.

8    P. 19; *Disabled Rights Action Committee v. Las Vegas Events, Inc.*, 375 F.3d 861, 879-83 (9th

9    Cir. 2004); *Botosan v. Paul McNally Realty*, 216 F.3d 827, 834 (9th Cir. 2000).  Defendant may

10   file a response within seven days of plaintiff's filing, after which the matter will be submitted.

11          IT IS SO ORDERED.

12   DATED:  April 3, 2012.

13

14   UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24